IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY B. EZEBUIROH, #S12813, | |
| Plaintiff, | Case No. 21-cv-00990-SPM |
| v. | |
| KENNY BENZING, ALLISION ALEXANDER, RICH STEVENSON, and NURSE DANIELLE WARD, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Pending before the Court is a motion for summary judgment on the issue of failure to exhaust administrative remedies filed by all Defendants. (Doc. 18, 24, 34). To date, Plaintiff Jerry Ezebuiroh has failed to file a response to Defendants' motion for summary judgment. For the following reasons, the motion for summary judgment is granted.

### MOTION FOR SUMMARY JUDGMENT

Plaintiff Jerry Ezebuiroh, an inmate at Hill Correctional Center, alleges that while he was in custody at the Marion County Law Enforcement Center ("Marion County Jail"), he was exposed to conditions of confinement at the jail that increased his risk of contracting COVID-19. As a result, he contracted the virus in July 2020. Ezebuiroh initiated this action by jointly filing a Complaint on October 22, 2020, with ten other co-Plaintiffs, all of whom were also incarcerated at the Marion County Jail. (*See Pruitt v. Benzing,* No. 20-cv-01115-JPG, Doc. 1). After determining that joinder of multiple plaintiffs would further delay the fair and efficient litigation of each plaintiff's claims, the Court severed the case into separate lawsuits. (*Id.* at Doc. 112). This action was opened, and Ezebuiroh, the sole plaintiff in this severed case, is proceeding on the

following counts:

**Count 1:** Sheriff Stevenson and Jail Administrator Benzing failed to take steps to mitigate Ezebuiroh's serious risk of COVID-19 exposure at the Jail in July 2020 by failing to require masks and social distancing, in violation of his constitutional rights under the Eighth or Fourteenth Amendment.

**Count 2:** Nurses Alexander and Ward denied Ezebuiroh's requests for COVID-19 testing (July to October) and failed to record their symptoms of COVID-19 (July 2020), in violation of his constitutional rights under the Eighth or Fourteenth Amendment.

**Count 3:** Sheriff Stevenson, Jail Administrator Benzing, Nurse Alexander, and Nurse Ward failed to respond to Ezebuiroh's grievances and sick call slips addressing COVID-19, in violation of his constitutional rights under the Fourteenth Amendment.

(Doc. 3). On October 19, 2021, Defendants Alexander and Benzing filed a motion for summary judgment arguing that Ezebuiroh failed to exhaust his administrative remedies prior to initiating this suit, as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e(a). Defendants Stevenson and Ward were subsequently granted leave to join the motion summary judgment filed by Codefendants. (Doc. 24, 34).

In the Initial Scheduling and Discovery Order, Ezebuiroh was warned that the failure to respond to a motion for summary judgment on exhaustion may result in an order granting the motion. (Doc. 11). Additionally, the Court entered a Rule 56 Notice informing Ezebuiroh that he had until November 23, 2021, to respond to the motion, and that, pursuant to the Local Rules of this District, failure to file a response within the deadline may "be considered an admission of the merits of the motion." (Doc. 25, citing SDIL-LR 7.1(c)(1)). The response deadline has past, and Ezebuiroh has not filed a response to the motion for summary judgment, despite the above notices of the consequences. Nor has he requested any extensions of the response deadline.

## LEGAL STANDARDS

### *I. Summary Judgment*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c).

### *II. Exhaustion of Administrative Remedies*

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. The statutory purpose of the PLRA is to "afford corrections officials time and opportunity to address complaints internally before allowing

the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This allows the prison administration an opportunity to fix the problem or to reduce the damages and perhaps shed light on factual disputes that may arise in litigation even if the prison administration's solution does not fully satisfy the prisoner. *See Pozo,* 286 F.3d at 1023-24. To allow otherwise would frustrate the purpose of the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 526 (2002).

### III. Grievance Procedures

The Marion County Jail has a four-step grievance procedure for detainees, which is set forth on the Jail's Grievance Form. (Doc. 18-1, p. 1-2; Doc. 18-2, p. 1). The first step is for the inmate to discuss the matter with an officer. If the discussion fails to resolve the problem, step two is for the inmate to submit a written grievance form to the Jail Sergeant within 24 hours of the incident. If still not resolved, step three requires the inmate to submit a written grievance form to the Jail Administrator. Finally, step four is to submit the grievance to the Sheriff, who makes the final decision. An inmate can submit the grievance to the next step of the process by circling or otherwise indicating the step number on the grievance, or by addressing the grievance to the next official. Each step must be completed within 24 hours of the time the grievance was denied at the earlier step. (*Id.*).

## ANALYSIS

Defendants assert that the only grievance relevant to this case was filed by Ezebuiroh on August 30, 2020. (Doc. 18-2, p. 40). The grievance is a single sentence requesting a "a test for coronavirus." (*Id.*). Defendants argue that the grievance does not include complaints regarding their failure to (1) take preventative safety measures exposing Ezebuiroh to the COVID-19 virus; (2) respond to sick call slips and symptoms of infection; or (3) provide adequate care. To the extent the grievance can be construed to adequately grieve a lack of COVID-19 testing, Defendants contend that Ezebuiroh did not appeal of this grievance, as instructed on the form. He submitted

the grievance pursuant to step 2 but did follow step 3 or 4. Because Ezebuiroh did not fully grieve the issues alleged in the Complaint, Defendants argue that summary judgment should be granted in their favor.

As mentioned, Ezebuiroh has not filed a response by the deadline set by the Court refuting any of Defendants' factual assertions, arguments, or exhibits. Thus, the Court "consider[s] the fact[s] undisputed for the purposes of the motion." FED. R. CIV. P. 56(e). There is no evidence that Ezebuiroh filed or attempted to file any grievances regarding (1) inadequate COVID-19 safety procedures; (2) failure to properly evaluate, record, and treat symptoms; or (3) failure to respond to sick calls and grievances concerning inadequate medical care (Counts 1, 2, 3). To the extent the grievance dated August 30, 2020 can be considered to adequately grieve Ezebuiroh's claim regarding denial of COVID-19 testing (Count 2), the grievance was not properly appealed. Thus, Ezebuiroh did not follow Marion County Jail procedure and fully grieve the claims alleged in the Complaint.

Finally, the Court notes that while Ezebuiroh claims in the Complaint that his grievances were not responded to by staff, the Court will not consider these allegations at the summary judgment stage. *See* FED. R. CIV. P. 56; *James v. Hale,* 959 F. 3d 307, 314-15 (7th Cir. 2020); *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 896 (7th Cir. 2018). Because there is no evidence that Ezebuiroh's administrative remedies were unavailable to him, and neither is there evidence that he properly exhausted his administrative remedies regarding the claims in this case, the motion for summary judgment is granted.

## DISPOSITION

For the reasons provided, the motion for summary judgment (Doc. 18) filed by Defendants is **GRANTED. COUNTS 1, 2,** and **3,** and this **ENTIRE ACTION** are **DISMISSED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to

close this case and enter judgment accordingly.

Ezebuiroh is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Ezebuiroh wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues he plans to present on appeal. *See* FED. R. APP.P. 24(a)(1)(C). If Ezebuiroh does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Ezebuiroh may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:   August 30, 2022**

                                                                                   *s/Stephen P. McGlynn*
                                                                   **STEPHEN P. MCGLYNN**
                                                                   **United States District Judge**